## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                               Plaintiff,        ) | CRIMINAL ACTION |
| v.                                                                              )  | No. 05-20041-01-KHV |
| SHANNON R. KIMBERLIN,                           ) | |
|                                                            Defendant.        ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Order The BOP To Correct Sentence And Transfer Petitioner To A Penal Institution Closer To Kansas City, KS (Doc. #18) filed October 23, 2006. As part of defendant's original sentence, pursuant to defendant's request, the Court recommended that the BOP place defendant at the Federal Prison Camp in Alderson, West Virginia. See Judgment (Doc. #15) filed July 28, 2005 at 2. Defendant is currently incarcerated at that facility. Defendant now asks the Court to correct her sentence and order the BOP to transfer her to a correctional institution closer to Kansas City, Kansas.

Although "any statement by the court that imposed sentence . . . recommending a type of penal or correctional facility as appropriate" is to be considered in selecting a suitable facility, 18 U.S.C. § 3621(b)(4)(B), the final decision as to the prisoner's placement rests with the BOP. United States v. Lazo-Herrera, 927 F. Supp. 1472, 1472-73 (D. Kan. 1996) (citations omitted). Congress has given the BOP broad authority to determine the place of a prisoner's confinement and the Court does not have authority to dictate placements to the BOP. See United States v. Cosby, 180 Fed. Appx. 13, 13 (10th Cir. 2006); 18 U.S.C. 3621(b). Defendant has not alleged any constitutional violation or other wrongdoing

by the BOP which suggests that her claim could be actionable under some other statute such as 28 U.S.C. § 2255.

The Court's recommendation as to defendant's place of confinement is technically not a part of the sentence imposed. See Fajri v. USP Leavenworth, No. 04-3311-RDR, 2005 WL 2035047, at *1 (D. Kan. Aug. 23, 2005) (citing Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 468-69 n.3 (10th Cir. 1992), cert. denied, 51 U.S. 830 (1993)). In any event, the Court does not have authority to alter its sentencing recommendation at this time. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify her sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure do not authorize a modification of the Court's sentencing recommendation at this time. See id.; Fed. R. Civ. P. 35 (resentencing allowed (a) to correct illegal sentence on remand from court of appeals, (b) to reflect defendant's substantial assistance on motion of the government, and (c) to correct arithmetical, technical, or other clear error within seven days of sentencing); Fed. R. Civ. P. 36 (court allowed to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the

Court does not have jurisdiction to resentence defendant.

**IT IS THEREFORE ORDERED** that defendant's Motion To Order The BOP To Correct Sentence And Transfer Petitioner To A Penal Institution Closer To Kansas City, KS (Doc. #18) filed October 23, 2006 be and hereby is **OVERRULED**.

Dated this 1st day of November, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge